# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Honorable James B. Clark III |
| | : | |
| ALSHAMEIK TATE | : | Mag. No. 20-12145 |

I, David L. Scanlon, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

s/David L. Scanlon
David L. Scanlon,
Task Force Officer
Bureau of Alcohol Tobacco
Firearms & Explosives
Agent Scanlon attested to this Affidavit
by telephone pursuant to
FRCP 4.1(b)(2)(A)

Honorable James B. Clark III
United States Magistrate Judge

s/James B. Clark, III
Signature of Judicial Officer

## ATTACHMENT A

## COUNT ONE
**(Possession of a Firearm by a Convicted Felon)**

On or about April 2, 2020, in Hudson County, in the District of New Jersey and elsewhere, defendant,

**ALSHAMEIK TATE,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, did knowingly possess in and affecting commerce a firearm, namely, a black High Point CF 380, bearing serial number P8086044 loaded with ten rounds of ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, David L. Scanlon, am a Task Force Officer with the Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF").  I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence.  Where statements of others are related herein, they are related in substance and part.  Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.  Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.     On or about April 2, 2020, members of the Jersey City Police Department (the "Officers") were patrolling an area near the intersection of Fulton Avenue and Ocean Avenue in Jersey City, New Jersey where a number of shootings have occurred in recent weeks.

2.     At or about 8:06 p.m., the Officers, utilizing an unmarked police vehicle equipped with lights and sirens, observed a black male wearing a tight fitted dark hooded sweatshirt, tight fitted jeans and black sneakers, later identified as Alshameik C. Tate ("Tate") walking on Ocean Avenue.  The Officers immediately recognized Tate as an individual present at, and potentially involved in, recent shooting incidents in the area.

3.     The Officers further observed a bulge protruding from the left side of Tate's waistband.  Upon making eye contact with the Officers, Tate appeared to become nervous and began to sweat.  The Officers further observed Tate change the way he was walking in an attempt to minimize the bulge on the left side of his waistband from being visible.

4.     The Officers identified themselves as law enforcement and approached Tate.  A pat down of Tate revealed a black High Point CF 380 handgun bearing serial number P8086044 (the "Firearm"), loaded with ten .380 caliber bullets (the "Ammunition"), in the waist of Tate's pants.

5.     The Firearm and Ammunition were manufactured outside of the State of New Jersey, and thus moved in, and affected interstate commerce prior to April 2, 2020.

6.     On or about January 24, 2020, Tate was convicted in the Superior Court of New Jersey, Hudson County, of Possession of a Controlled Dangerous Substance, in violation of N.J.S.A. 2C:35-10A(1) and Joyriding, in violation of N.J.S.A. 2C:20-10D, each of which are crimes punishable by imprisonment for a term exceeding one year.